523 P.2d 543

**Richard L. PRIBBLE, Plaintiff-Appellant,**

v.

**AETNA LIFE INSURANCE COMPANY and Jerry L. Gaultney, Defendants-Appellees.**

**No. 9845.**

Supreme Court of New Mexico.

June 7, 1974.

J. Victor Pongetti, Jr., Albuquerque, for plaintiff-appellant.

Irving E. Moore, Albuquerque, for defendants-appellees.

OPINION

OMAN, Justice.

This is the second time this case has been before us on appeal from a summary judgment. On the first occasion we reversed the summary judgment and remanded the case for further proceedings consistent with our opinion. Pribble v. Aetna Life Insurance Company, 84 N.M. 211, 501 P.2d 255 (1972).

Upon remand, the district court set the case for jury trial. On the morning of trial, but before commencement thereof, defendants orally moved the court for a summary judgment in their favor. The only factual matter submitted to the court in these summary proceedings was the following admission by the plaintiff: "The plaintiff admits that the policy, if it was changed, was not changed by an endorsement in writing or an attachment to the policy."

This admission and the brief arguments by the attorneys for the respective parties were concerned with the policy provision quoted in Pribble v. Aetna Life Insurance Company, supra, at pages 213–214 of 84 N.M. and at pages 257–258 of 501 P.2d.

Although no specific admission by plaintiff as quoted above was before us in the prior appeal, it was apparent to us and to all concerned that there was no endorsement in writing by which the policy had been changed or purportedly changed.

Defendants place great emphasis on the fact that § 58–11–4(A)(1), N.M.S.A.1953 (Repl.Vol. 8, pt. 2, 1962) includes the following language: "No change in this policy shall be valid until approved by an executive officer of the insurance company and unless such approval and countersignature be endorsed hereon or attached hereto."

This is concededly identical in meaning with language contained in the above referred to policy provision which was quoted in our prior opinion. The fact that the statute was not called to our attention or expressly referred to in our prior opinion is of no significance.

The first summary judgment was reversed and the cause remanded for further proceedings consistent with our opinion. Another summary judgment entered upon substantially the identical matters presented to and considered by the trial court in the first summary judgment proceedings was neither contemplated by nor embraced within the views expressed in our opinion.

Altough plaintiff apparently is not concerned with the total failure of these last summary proceedings to comply with Rule 56(c) of the Rules of Civil Procedure [§ 21–1–1(56)(c), N.M.S.A.1953 (Repl.Vol. 4, 1970)], we are inclined to believe that if plaintiff had requested compliance with the provided procedures this cause would not now be before us on this appeal.

The summary judgment is reversed and the cause is remanded with directions to proceed in a manner consistent with our opinion in Pribble v. Aetna Life Insurance Company, supra, and with this opinion.

It is so ordered.

STEPHENSON and MARTINEZ, JJ., concur.